No. 184

SPAULDING, Treas., v. WICKHAM

Ohio Supreme Court, No. 17325, July 5, 1922
This opinion has not been published except in Abstract.

ROADS—Methods of assessment for repairs is for county commissioners to determine—(2) Court will not molest the discretion—(3) Complainants should address the county commissioners for relief instead of the courts.

BY THE COURT:

Wickham brought this action in the common pleas to enjoin the collection of taxes assessed against his land. They had been assessed to construct a highway and again and again to resurface the road because of and on account of heavy traffic it became badly out of repair. The questions arising in the case stated to have been: (1) Must land owners, especially those abutting on a road, keep it in good repair for public travel; (2) If so, must it be done by those owning lands benefited by it, or only by those that abut upon it. The Supreme Court held:

(1) In order that the cost may not be inequitable, the Legislature left the assessment of the cost of repairs to the board of county commissioners, 6910 GC., and the courts cannot control their discretion in choosing the method by which such assessments shall be made.

(2) Whether the assessment should be made upon lands within a mile of the improvement, or ones nearer by, is for the county commissioners to say, and to hold otherwise would be judicial legislation.

(3) Notice of the improvement having been published, Wickham should have made his objections to the commissioners under the statute, and have obtained relief instead of bringing this action.

Attorneys—B. P. Benton, Pros., and George C. Snyder, for Spaulding; Emmet M. Wickham, for defendant, Wickham.

---

No. 185

STATE ex rel. v. BROWN

Ohio Supreme Court, No. 17398, July 5, 1922
This opinion has not been published except in Abstract.

CONSTITUTIONAL LAW—(1) Conflict of law—Removal of county treasurer by county commissioners without complaint or hearing, unauthorized—(2) Repeal of statute, 2713 GC., by constitutional amendment.

WANAMAKER, J.:

Section 38 of Article II of the Ohio Constitution as adopted in 1912, provides that, "Laws shall be passed providing for the prompt removal from office, upon complaint and hearing, of all officers for any misconduct involving moral turpitude."

Sec. 2713, GC., directs county commissioners to forthwith remove from office the county treasurer, whenever it appears by a report to the examiner that he has committed embezzlement of the county funds. Pursuant to this statute, the bureau of inspection of county officers filed a report with the auditor of the state of Ohio, and the board of county commissioners found that the reports show that Brown, the treasurer of Darke county, was guilty of embezzlement of the county funds. An attempt was made by the commissioners to remove him from office. Brown refused to surrender the office and this action in quo warronto was brought in the Court of Appeals of Darke county. The Court of Appeals dismissed the petition on the ground that no hearing had been had or opportunuity given Brown to be heard upon the charge.

1. The Supreme Court opinion presents a very able and elaborate brief in defense of the provision "upon complaint and hearing" in Sec. 38, Art. II, of the Ohio Constitution and argument as to the meaning of "due process of law," holding that it plainly provides that the removal of Brown, without it, was unauthorized.

2. That 2713 GC. was in existence and full force when Sec. 38, Art. II, was adopted in 1912, but in the conflict between the statute and the Constitution, the former was repealed, by force of the amendment, and so far as it relates to the removal of Brown from his office as county treasurer, without complaint and hearing was inconsistent and irreconcilable with the Constitution. The judgment of the Appellate Court was affirmed.

Attorneys—John M. Hoel and C. H. Kyle, for the State; Marion Murphy, L. E. Kerlin, O. J. Myers, W. D. Brumbaugh and John F. Maher, for Brown.