Stewart, J.
Section 305.03, Revised Code, reads as follows :
“Whenever any county officer is absent from the county for 90 consecutive days, except in case of sickness or injury as provided in this section, his office shall be deemed vacant and the Board of County Commissioners shall declare a vacancy to exist in such office.
“Such vacancy shall be filled in the manner provided by Section 305.02 of the Revised Code.
*272 “Whenever any connty officer is absent from the county because of sickness or injury, he shall cause to be filed with the Board of County Commissioners a physician’s certificate of his sickness or injury. If such certificate is not filed with the board within 10 days after the expiration of the 90 consecutive days of absence from the county, his office shall be deemed vacant and the board shall declare a vacancy to exist in such office.
“This section shall not apply to a county officer while in the active military service of the United States.”
The first complaint of relator is that the county commissioners were premature in declaring the office of sheriff vacant because they did so right after the 90 days absence of relator had expired, without giving him an extra 10 days in which to file a physician’s certificate with reference to his absence being caused by sickness or injury.
This complaint has no foundation for the obvious reason that it is stipulated that relator’s absence from the county for 90 days was not because of sickness or injury but was because of his incarceration in jail in another county.
The principal complaint of relator is that Section 305.03, Revised Code, conflicts with the Ohio Constitution in that the former does not provide for the filing of a complaint giving notice thereof or make any provision for a trial or hearing, and the case of State, ex rel. Hoel, Pros. Atty., v. Brown, 105 Ohio St., 479, 138 N. E., 230, is relied upon as the basis for this contention. In that case this court construed Section 38 of Article II of the Constitution of Ohio, and Section 2713, General Code.
The constitutional provision reads as follows:
“Laws shall be passed providing for the prompt removal from office, upon complaint and hearing, of all officers, including state officers, judges and members of the General Assembly, for any misconduct involving moral turpitude or for other cause provided by law, and this method shall be in addition to impeachment or other method of removal authorized by the Constitution. ’ ’
Section 2713, General Code, read as follows:
“On examination of the county treasury, if it appears by the report of the examiner or examiners that an embezzle *273 ment has been committed by the county treasurer, the comity commissioners shall forthwith remove the treasurer from office, and appoint some person to fill the vacancy thereby created * # * > >
The county commissioners acted summarily and ex parte under the provisions of the Code section to remove the county treasurer from office after the state Bureau of Inspection and Supervision of Public Offices filed a report with the Auditor of State and upon the finding of the commissioners that such report showed the treasurer to be guilty of embezzlement.
The treasurer refused to surrender his office, whereupon an action in quo warranto was instituted against him by the prosecuting attorney of the county.
This court held that a proceeding to remove an officer from office is governed by the constitutional provision, that such provision plainly is that such removal shall be upon complaint and hearing, and that a law providing for removal upon charges, which law does not provide for such complaint and hearing, violates the constitutional provision. Therefore, Section 2713, General Code, was annulled.
We are of the opinion that the Brown case is not applicable to the facts in the present controversy.
In the Brown case, the treasurer was accused of embezzlement. The county commissioners sought to summarily remove bim from office. He was clearly entitled under the constitutional provision to the filing of a complaint and a hearing so that he might defend against the claim that he had embezzled.
In the present ease there is no question of fact to be determined.
It is stipulated that relator was absent from Jackson County for 90 consecutive days, and that his absence was not caused by sickness or injury. Therefore, the county commissioners had a mere ministerial and mandatory duty to perform, that is, to declare that a vacancy existed in the office of sheriff, which they did. Thereafter, respondent was appointed sheriff, in accordance with statutory provisions, not because relator had been removed from office but for the reason there was a vacancy in the office.
Relator contends that his election to the office of sheriff *274 gave him a property right or interest in such office, and that to deprive him of that right, without complaint or hearing, was a denial of dne process of law. If his premise were correct, such contention would have much persuasive force. However, the premise is utterly without foundation.
In Ohio, the incumbent of an office has no proprietorship, or right of property, therein. Knoup, Treas., v. Pigua Branch of State Bank of Ohio, 1 Ohio St., 603, where this court, with Judges Ranney and Thurman sitting upon it, said as follows:
‘ ‘ * * * but if the office be created by the Legislature, it may, in the absence of express constitutional restriction, be abolished or suspended; and yet the officer can not claim compensation, for the loss of his office. He has no property, or individual right in it. He is but a trustee for the public; and whenever the public interest requires that the office should be abolished, or the duties of the office become unnecessary, the incumbent can not object to the abolition of the office.”
In the case of Steubenville v. Culp, 38 Ohio St., 18, 43 Am. Rep., 417, Longworth, J., said:
“Offices are held, in this country, neither by grant nor contract, nor has any person a vested interest or private right of property in them.
“The statute speaks of the suspension creating a vacancy, and provides how that vacancy shall be filled. If the office is vacant it becomes, as to the suspended person, for the time being, as though it did not exist, and as to the public the person appointed to fill such vacancy is the sole incumbent of the office. ’ ’
The office of sheriff, election thereto and the obligations, duties and emoluments thereof are provided for in Sections 311.01 to 311.99, Revised Code. It is a county office created by legislative enactment, and the General Assembly has the authority not only to provide for the term of office but to reasonably provide as to the circumstances under which such office shall be deemed vacant. This it has done by the passage of Section 305.03, Revised Code, wherein it is said that whenever any county officer is absent from the county for 90 consecutive days, except in case of sickness or injury or while being in the active military service of the United States, the office shall be *275 deemed vacant and the county commissioners shall declare a vacancy to exist.
Any candidate for any county office is hound to know the provisions of this statute and is hound to know that if elected his office will become vacant in case of his absence as outlined in the statute, and, therefore, since his office is a public privilege and not a property right, he can have no redress if a vacancy in his office occurs in accordance with the statute. If, at times, harsh consequences may ensue as a result of the enforcement of the law, the remedy for those consequences is a province of the legislative and not the judicial branch of the government.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

' WbygaNdt, C. J., ZimmermaN, Bell, Taet, Matthias and Herbert, JJ., concur.