In re Appropriation for Highway Purposes: Barnhardt et al., Appellees, *v.* Linzell, Dir., Appellant.*

(No. 1383—Decided April 17, 1957.)

*Mr. Andrew J. Warhola,* for appellees.
*Mr. William Saxbe,* attorney general, and *Mr. Hugh E. Kirkwood, Jr.,* for appellant.

*Motion to certify the record overruled, October 23, 1957.

DOYLE, J. The sole question for decision in this appeal is whether the former owners of real property appropriated by the Director of Highways of this state, for highway purposes, are entitled to the compensation awarded them by a jury in the Court of Common Pleas for the taking of their property, or whether they must take as compensation the amount of money fixed by the Director of Highways.

The Attorney General states for the director, the appellant herein, that the Court of Common Pleas lacked jurisdiction to entertain the appeal for trial by jury, and, as a consequence, the judgment rendered on the verdict must be reversed and held for naught.

The facts before us, in brief, are these:

The Director of Highways, in the process of appropriating the property of the appellees for highway purposes, filed resolutions, findings and other material required by the provisions of Section 5519.01, Revised Code, in the Common Pleas Court of Lorain County (in case No. 59335). The appellees were dissatisfied with the amount of compensation fixed ex parte by the director, and sought to have a jury pass on the amount.

Prior to the expiration of the statutory 10-day period for the filing of a petition, the property owners requested the court in which the proceedings were pending for an extension of time for the filing of their petition. This motion was granted, and, within the extended period of time, but subsequent to the 10-day period, the appellees filed the necessary pleading. Thereupon, the appellant-director moved the court to set aside the order granting leave to plead, and later requested that the petition be stricken from the files. These motions were overruled.

Throughout the ensuing jury trial, the director saved the question raised, by continuous objection to the jurisdiction of the court.

In passing upon the question of jurisdiction, we must look first to the Constitution of Ohio and then to the pertinent statutes.

Section 19, Article I of the Constitution of Ohio, provides:

"Private property shall ever be held inviolate but subservient to the public welfare. When taken in time of war or other public exigency, imperatively requiring its immediate seizure

or for the purpose of making or repairing roads, which shall be open to the public, without charge, a compensation shall be made to the owner, in money: and in all other cases, where private property shall be taken for public use, a compensation therefor shall first be made in money, or first secured by a deposit of money; *and such compensation shall be assessed by a jury, without deduction for benefits to any property of the owner.*" (Emphasis ours.)

Section 5519.02, Revised Code, in part, is:

"If any owner of property appropriated by the director of highways is not satisfied with the amount of money as fixed by the director, such owner may, within ten days after the service of said notice, or within fifteen days after the date of publication, if service is made by publication, file a written petition, in duplicate, in the court, setting forth an intention to appeal from the amount so fixed."

It is the contention of the Attorney General that "the appeal provided * * * in Section 5519.02, Revised Code of Ohio, is a right conferred by statute, and is to be treated the same in all respects as all other appeals provided by statute; that it and it alone confers jurisdiction on the Court of Common Pleas to review the finding of the director [of highways], and that neither the parties nor the court may alter or waive any of the requirements pertaining thereto."

From this assertion, it appears that the right of appeal granted in Section 5519.02, Revised Code, is confused with the procedure for appeal from a judgment or final order required for appellate review.

The "appeal" provided in this statute is one in name only. "It is, in reality, a trial or hearing *de novo* for the purpose of complying with the requirements of due process or the constitutional requirement of a trial by jury." 1 Nichols on Eminent Domain (Third Ed.), Section 4.108. See cited cases supporting the text.

We have no doubt that the procedure in which the constitutional right to jury trial may be exercised and enjoyed is subject to reasonable legislative control. It appears that the 10-day limitation in the statute for the filing of a written petition is not unreasonable, and that the failure of a property owner to

file his petition within the time could be reasonably held to constitute a waiver of his constitutional right to trial by jury.

The right of appeal so given must not be regarded as a matter of favor or privilege to the property owner. One may appeal for jury trial the question of compensation as a matter of right; otherwise, the state has no right to take his property. The General Assembly has the right, however, to legislate with respect to the procedure.

Section 2309.42, Revised Code, provides:

"Upon such terms as are just, the court, or a judge thereof in vacation, for good cause shown, may extend the time for filing any pleading."

Certainly this statute applies to pleadings, in pending proceedings in the Court of Common Pleas, in which a condemner is conducting an action in rem for the appropriation of private property, and in which action a property owner is authorized to file a petition seeking a trial by jury for compensation for property taken.

The statute permits the extension of time "for filing any pleading," and the petition in dispute is indeed a "pleading." It would seem, then, that under this statute the petition could be properly filed, with the sanction of the court, after the 10-day period, upon motion made and leave granted prior to the 10-day period.

Having in mind the character of the procedure in condemnation proceedings, and that due process requires that an owner whose property is taken for public use must be given a jury trial in determining just compensation unless he waives it, we are of the opinion and so decide that, to hold these property owners to the strict letter of Section 5519.02, Revised Code, and to deny them the benefits of Section 2309.42, Revised Code, would not satisfy the constitutional requirements of due process. Indeed, there is no indication of a waiver in this case; rather, the record destroys such claim.

Consistent with the requirements of due process are those fundamental principles which protect the citizen in his private rights, and guard him against the arbitrary action of government. Statutes must be read and interpreted in the light of these principles.

The legislation permitting the appropriation of private property by the state is saved from constitutional infirmity by the inclusion of the right of the property owner to appeal to a court where a jury trial may be had. A moderate and reasonable restriction imposed upon the enjoyment of the right, through the medium of a time restriction for the filing of a petition, is not an impairment of the right itself within the meaning of the Constitution. But where separate statutes exist, each of which relates to procedure, and each of which relates to the same challenged act of procedure, to hold that one of the statutes applies to the exclusion of the other, thereby depriving a property owner of a right given him by the Constitution, would be tantamount to a denial of due process.

The objection of the property owner to the ex parte determination of the amount of compensation is not, as heretofore inferred, an "appeal," as that word is generally understood by courts. An "appeal" imports a judicial review of a proceeding, in which an appellant has had his day in a court or established governmental agency. The pleading required in a condemnation proceeding, although denominated a "petition," is analogous to an answer, wherein, in effect, the property owner says: You have taken my property without affording me due process; you have fixed the compensation to be given me, without affording me an opportunity to speak; I now deny that the compensation fixed by you, Mr. Director, is fair and just; I say that my property has a valuation in excess of the amount that you will give voluntarily; and unless I answer and set up my claim, I am denied fair compensation; I therefore answer you, Mr. Director, by saying that the amount fixed by you is not right, and I want my day in court before a jury, as the Constitution provides, wherein I may present evidence (for the first time) of the fair and reasonable value of my property.

We have said that the statutory petition is analogous to an answer. Courts may look to the substance, rather than to the form. It is, in effect, a demand for a jury trial by pleading in a pending case, and, as such, is governed by the statutory rules of pleading.

Unlike the 20-day period for the filing of an appeal as provided in Section 2505.07, Revised Code, the 10-day period pro-

vided in Section 5519.02, Revised Code, for the filing of a pleading, is not jurisdictional, and can be extended by the court upon proper application.

The judgment will be affirmed.

*Judgment affirmed.*

HUNSICKER, P. J., and STEVENS, J., concur.