FLEMING ET AL., APPELLANTS, *v.* NOBLE, DIRECTOR OF HIGHWAYS, APPELLEE.

(No. 1173—Decided December 23, 1959.)

*Mr. A. Ross Siverling* and *Mr. Hugh I. Troth,* for appellants.

*Mr. Mark McElroy,* attorney general, and *Mr. William E. Fowler, Jr.,* for appellee.

DOYLE, P. J.   A judgment entered in the Court of Common Pleas of Wayne County, which sustained a demurrer filed by Charles M. Noble, Director of Highways of the state of Ohio, to a petition filed by Merle Fleming and Emma Fleming against

said director, furnishes the basis for this appeal by the plaintiffs below, the appellants here.

The petition alleges in substance that:

(1) The plaintiffs own approximately one hundred ninety-eight acres of land in Congress Township, Wayne County, Ohio.

(2) Charles M. Noble is the director of the state highway department.

(3) On or about November 4, 1957, plaintiffs conveyed highway easements (cutting through their farm) in approximately twenty-eight acres of land to the state of Ohio "for a highway project known as State Highway No. 1," which easements were recorded on November 27, 1957, in the recorder's office, volume 346, page 347, of the record of deeds of Wayne County, Ohio.

(4) Plaintiffs, also, in the over-all agreement with the state highway department signed an agreement for a channel change, involving eighteen hundredths of an acre, which was recorded in the recorder's office, volume 346, page 347, on November 26, 1957.

(5) The state of Ohio paid the plaintiffs four thousand two hundred and nineteen dollars and fifty cents ($4,219.50) as compensation for the property conveyed, and two thousand nine hundred and twenty dollars ($2,920) for damages to the residue.

(6) The state highway easements, in bisecting the land of the plaintiffs, left sixty acres to the southeast of the highway and "the buildings and remaining one hundred ten * * * acres located in said Congress Township, plus one hundred sixty * * * adjoining acres lying in Ashland County, Ohio, and owned by plaintiffs as a part of said farm, * * * northwest of said highway."

(7) At the time said easements were obtained from the plaintiffs by said state of Ohio, it was represented to the plaintiffs by the defendant on behalf of the state of Ohio that an overpass would be erected as part of the State Highway No. 1 project on Congress Township Road No. 175 between Congress Township Road No. 247 and the easterly right of way of State Highway No. 1, so that plaintiffs would have access to both sides of said State Highway No. 1, and that said overpass would be located on plaintiffs' lands.

(8) After the easements were granted to the state, the state of Ohio changed its plan to construct said overpass and did abandon said plans, thereby saving over one hundred thousand dollars ($100,000) in construction costs. Neither these plaintiffs nor the state of Ohio contemplated this change in plans at the time the conveyances were made.

(9) "As a result of said plan changes, the plaintiffs are deprived of the use of their lands located southeast of said Highway No. 1, and have suffered additional damages thereby."

(10) The state of Ohio has now taken possession of the lands for highway purposes.

(11) "Wherefore, plaintiffs hereby tender the sum of seven thousand one hundred thirty-nine and 50/100 dollars ($7,139.50) to said state of Ohio and pray the court for an order cancelling said easements and that they be held for naught; further, that the defendant be ordered to adequately compensate plaintiffs for the property already taken from plaintiffs by the state of Ohio, and for damages suffered by plaintiffs to the residue of their lands."

A cashier's check on the Farmers Bank of Ashland, Ohio, payable to the state of Ohio, accompanied the petition.

The Director of Highways demurred to the petition on the grounds that:

"1. The court has no jurisdiction of the person of the defendant; and

"2. The petition does not state facts which show a cause of action."

The trial court found that it had "no jurisdiction of either the person or the subject matter" of the petition, and sustained the demurrer.

It appears from the petition that any amendment thereto would be of no consequence; and, as a result thereof, we determine that the court's judgment on the demurrer is a final order from which an appeal may be taken. *Schindler* v. *Standard Oil Co.*, 165 Ohio St., 76.

In deciding the question of the jurisdiction of the Wayne County court over the person of the defendant, the Director of Highways, we must analyze the allegations of the petition in the light of the Ohio statutes.

Section 5501.18, Revised Code, provides:

"The Director of Highways shall not be suable, either as a sole defendant or jointly with other defendants, in any court outside Franklin County except in actions brought by a railroad company under Section 4957.30 of the Revised Code, *or by a property owner to prevent the taking of property without due process of law, in which case suit may be brought in the county where such property is situated* * * *." (Italics ours.)

What did the Legislature mean by the phrase "without due process of law," in its direction as to where the suit may be brought?

The law is well established that, when only a part of a landowner's property is taken by the state for highway purposes, the constitutional requirement of just compensation means that compensation must be given for damages to the remainder as well as for the part taken. The taking of a strip of land through the middle or interior part of a farm may leave the condemnee with several tracts partially or completely severed. This loss of access from one tract to another is termed "severance damage," and is measured by the reduction in market value of the tracts as a unit. When a limited-access highway is constructed through a farm, the owner may lose access not only to other parts of his land, but also to the highway. This loss, like severance damage, is generally measured by the reduction in market value of the remainder.

As we read the petition, coupled with the extant facts as revealed in the statements of counsel, we find it reasonable to say that the "just compensation" paid by the state for the land taken, and the damages to the residue, did not include damages for a complete loss of access from one tract to another, nor did it contemplate damages for a complete loss of access to a public highway. The plans of the state upon which the damages were, in part, based, included the erection at the state's expense of an overpass over the state's highway, thereby joining the parcels for access of one to the other. Now the state has abandoned these plans, thereby creating a complete severance of the parcels, as well as a loss of access from one of the parcels to a highway. No compensation has been given for this additional damage.

When the Legislature, in Section 5501.18, Revised Code, *supra*, used the phrase "due process of law" in establishing

the county in which the Director of Highways could be sued, it without doubt had in its collective mind those fundamental principles which protect the citizen in his private rights and guard him against the arbitrary action of government; and it is the judgment of this court that statutes must be interpreted in this light. See: *In re Appropriation for Highway Purposes: Barnhardt* v. *Linzell, Dir.*, 104 Ohio App., 243.

"Due process of law" is a phrase which cannot be defined with precision to cover all cases. "It is, no doubt, wiser * * * to arrive at its meaning 'By the gradual process of judicial inclusion and exclusion, as the cases presented for decision shall require, with the reasoning on which such decisions may be founded.' * * *"

It may be sufficient to observe that "due process" means "one which, following the forms of law, is appropriate to the case, and just to the parties to be affected. It must be pursued in the ordinary mode prescribed by the law; it must be adapted to the end to be attained; and wherever it is necessary for the protection of the parties, it must give them an opportunity to be heard respecting the justice of the judgment sought. The clause * * * means * * * that there can be no proceeding against life, liberty, or property which may result in the deprivation of either, without the observance of those general rules established in our system of jurisprudence for the security of private rights." *Hagar* v. *Reclamation District, No. 108*, 111 U. S., 701, 707-708, 28 L. Ed., 569.

It seems apparent that the phrase "due process of law" is broad in its scope and comprehensive in its application, and that the Ohio Legislature meant it to be such.

In the case of *Grieb* v. *Dept. of Liquor Control*, 153 Ohio St., 77, at page 81, may be found the following:

"Due process of law as guaranteed by the federal and state Constitutions requires 'some legal procedure in which the person proceeded against if he is to be concluded thereby, shall have an opportunity to defend himself.' *State, ex rel. Hoel, Pros. Atty.*, v. *Brown*, 105 Ohio St., 479, 486."

We conclude that an action of this character may be brought in Wayne County, Ohio, "to prevent the taking of property without due process of law."

It is the law that:

"* * * any substantial interference with private property which destroys or lessens its value, or by which the owner's right to its use or enjoyment is in any substantial degree abridged or destroyed, is, in fact and in law, a 'taking' in the constitutional sense, to the extent of the damages suffered, even though the title and possession of the owner remains undisturbed." 2 Nichols on Eminent Domain (3 Ed.), 259, Section 6.3.

See: *Crawford* v. *Village of Delaware*, 7 Ohio St., 459; *Lotze* v. *City of Cincinnati*, 61 Ohio St., 272; *City of Mansfield* v. *Balliett*, 65 Ohio St., 451; *Smith* v. *Erie Railroad Co.*, 134 Ohio St., 135; *State, ex rel. McKay, Exr.,* v. *Kauer, Dir. of Highways*, 156 Ohio St., 347.

When the state of Ohio abandoned its plans to provide the instant landowners with access from one tract of land to another, and to provide ingress to and egress from a highway, which plans were an integral factor in the previous award of damages, and the recognition of which bore directly on the damages awarded for the taking, and to the residue, such abandonment of plans and a refusal to act on the agreement constituted a further taking of the plaintiffs' property; and the landowners had a right to bring this action to prevent this taking of their property without compensation and without due process of law.

It may well be that a trial court would and should deny the prayer for a cancellation of the easements because of the magnitude of the loss to the state, and further because there is an adequate remedy in the ordinary course of law. No motion, however, appears in the record to strike this part of the relief sought. The denial of due process of law, as alleged in the petition, is a refusal to justly compensate the plaintiffs for the damage to their remaining lands, which denial, in law, brings about a taking of property without just compensation. The breach of agreement by the condemnor to construct an overpass brought into existence damages over and beyond that for which compensation had been awarded.

The judgment will be reversed, and the cause remanded.

*Judgment reversed and cause remanded.*

STEVENS and HUNSICKER, JJ., concur.