**BURDETT OXYGEN COMPANY, Appropriation, In re.**

Common Pleas Court, Summit County.

No. 220596. Decided June 10, 1960.

Holub & Holub, for appellant.
Mark McElroy, Atty. Genl., Thomas J. Lowry, Atty. Examiner.

## OPINION

By WATTERS, J.

This matter comes before the court on the motion of E. S. Preston, Director of Highways for the State of Ohio, to dismiss the "appeal" of the owner, The Burdett Oxygen Company, of the property to be appropriated upon Resolution filed by the Director herein December 1, 1959.

In the Resolution filed, the Director "fixed" the value of the land to be appropriated (for the Akron Expressway) at $8,829.50, and damage to the residue at $4,662.00, or a total of $13,491.50.

The dismissal of the "appeal" by the owner is asked for on the grounds that the petition and notice is untimely and not made within the statutory thirty days, as provided in §5519.02 R. C., as now in force.

Said petition and so forth was filed by the owner April 5, 1960, upon leave of court granted April 4, 1960.

Bond was set at $100.00 April 5, 1960, and bond then filed.

As a part of the court's consideration of said motion to dismiss, the following stipulation of facts was agreed to between the parties and filed herein:

"Now comes the parties hereto, allege and agree that the following stipulations of facts should be entered upon the Court records as a part of the case at hand.

"The City of Akron, acting in cooperation with the State of Ohio, did in May, 1959, commence negotiations with the property owner herein for the acquisition of a certain parcel of real estate located at 240 East South Street for the purposes of the extension of the West Leg of the Akron Expressway System, State Route No. 18, Section SUM-10.88, further identified as Parcel No. W 197. That subsequent to the commencement of said negotiations, the City of Akron and the property owner herein were unable to agree on a price; and that after a review of the appraisals originally presented, the State increased its offer on November 13, 1959, to the sum of FIFTEEN THOUSAND DOLLARS AND NO CENTS ($15,000.00) for subject property, which offer was declined, with a subsequent counter offer of SIXTEEN THOUSAND DOLLARS AND NO CENTS ($16,000.00) made by the property owner.

"Because of the necessity of acquiring all of the right of way in order that the construction contract could be awarded for the improvement herein involved, it was found necessary to appropriate subject property in December 1, 1959, Case No. 220596, filed in the Court of Common Pleas, Summit County, Ohio, being the subject action here at hand.

The City of Akron, through its authorized representative, indicated to the property owner however, that the matter at hand was still subject to negotiations and supposedly advised the property owner that actual litigation would not be necessary in order to conclude the matter. In March, 1960, the matter was again discussed between the representative of The City of Akron and the property owner, wherein the property owner once again renewed their settlement offer of SIXTEEN THOUSAND DOLLARS AND NO CENTS ($16,000.00) which was presented to the appropriate State authorities and subsequently declined. Whereupon, the property owner on April 5, after having secured the Leave of the Court to file its petition and notice of intention to appeal, did file the same."

It is obvious from the stipulated facts that the State and City of Akron representatives continued to negotiate and the last offer to the owners was $15,000.00, the owners holding out for $16,000.00, and the owner was led to believe that the matter would not have to be actually litigated even after the case was commenced, and thereby waived the thirty-day time limit for filing the so-called appeal under the Statute

and that the court was well within its rights in allowing the owner to file its "appeal" or request for a jury determination of the dispute.

At no time after the State filed the within action did it proceed to enter upon the journal of this court an entry of judgment setting the amount due the owners as the amount deposited when the case was filed, and even had it done so, said amount would have been for less than its last offer of $15,000.00.

Our district court of appeals in April, 1957, decided **Barnhardt v. Linzell, 104 Oh Ap 243 (4 O. O. 2nd 391)**, (Motion to certify overruled, October 23, 1957), which is decisive in the court's opinion.

"Syllabus: 1. The 'appeal' for a trial by jury from an amount of compensation 'fixed' by the director of highways for private property taken by eminent domain (§5519.02 R. C.) is an 'appeal' in name only, in that the trial on 'appeal' stems from an assessment of compensation by the director of highways for private property taken by eminent domain, wherein no attempt was made to comply with the requirements of due process of law.

"Syllabus: 2. The 'appeal' provided in §5519.02 R. C., is in reality a trial **de novo** before a jury, which affords the property owner due process of law for the first time and legalizes the state's seizure of private property for public purposes by satisfying the Ohio constitutional requirement of a trial by jury **(Section 19, Article I, Ohio Constitution).**

"Syllabus: 3. The Fourteenth Amendment to the Constitution of the United States, relating to 'due process of law,' is a limitation upon the powers of the states, and the phrase 'due course of law' as used in **Section 16, Article I, Ohio Constitution,** is equivalent in meaning to the phrase 'due process of law' as employed in the Fourteenth Amendment to the United States Constitution.

"Syllabus: 4. Consistent with the requirements of due process are those fundamental principles which protect the citizen in his private rights, and guard him against the arbitrary action of government. Statutes must be interpreted in the light of this doctrine.

"Syllabus: 5. The statutory 10-day limitation for the filing of the petition 'for appeal' may be extended by the court in which the case is pending, under authority of §2309.42 R. C., upon application made for such extension prior to the expiration of the 10 day period."

(See also full discussion in the opinion.)

The only difference in the above case and the instant case is that in this case no extension of time was obtained while the time, ten days, was tolling.

However, here the conduct of the State and City agents waived that and the "appeal" was filed with leave of the court.

The motion of the Director to dismiss is overruled, with exceptions.

Counsel will prepare the proper journal entry.