In re Appropriation of Easement for Highway Purposes:
Preston, Director of Highways, Appellee, v.
Miller et al., Appellees; Zimmerman, Appellant.

(No. 1190—Decided March 8, 1961.)

*Mr. Mark McElroy*, attorney general, *Mr. William E. Fowler, Jr., Mr. James Billett* and *Mr. Collin MacAdam*, for appellee E. S. Preston, Director of Highways.

*Messrs. Critchfield, Critchfield, Critchfield & Johnston*, for appellees Robert W. Miller and others.

*Messrs. Ryan & McKee*, for appellant.

DOYLE, J. The following notice of appeal lodges this case here for the determination of the right of a lessee of land and building located on property appropriated by the state of Ohio for highway purposes to appeal for a trial by jury under the provisions of Section 5519.02, Revised Code:

"Now comes the above-named appellant, Delbert Earl Zimmerman, and hereby gives notice of appeal to the Court of Appeals of Wayne County, Ohio, from the judgment of the Court of Common Pleas of Wayne County, Ohio, on October 11, 1960, determining that this appellant has no separate appealable interest in this cause and dismissing the appeal of this appellant from the appropriation and resolution of finding of the Department of Highways. This appeal is on questions of law."

The statutes provide that, if an owner of property appropriated by the Director of Highways on behalf of the state of Ohio for highway purposes is dissatisfied with the amount of compensation fixed by the director as payment for the property taken, such owner may "appeal" from the finding of the director and have a jury in the Common Pleas Court determine the value of his property taken and his damages to the residue. Section 5519.02, Revised Code. *In re Appropriation for Highway Purposes: Barnhardt* v. *Linzell, Dir.*, 104 Ohio App., 243.

"2. A proceeding to appropriate property for a public use is essentially *in rem*, and where property is sought in which separate interests or estates are owned by several persons, as between the condemnor and the owners it is regarded as one estate and one offer or award as compensation for the entire land and the interests connected therewith is made, which sum takes the place of the property appropriated as the equivalent thereof. The division and distribution of the sum offered and accepted or of the award made among the owners of separate interests or

estates rests wholly with them, and the condemnor has no concern therewith." *In re Appropriation by Supt. of Public Works: Sowers, Supt.,* v. *Schaeffer,* 152 Ohio St., 65.

"1. In a proceeding to have a jury determine the amount to be paid as the value of real estate being appropriated for state highway purposes pursuant to the power of eminent domain, any evidence as to the value of an outstanding leasehold interest in such real estate is incompetent." *In re Appropriation for Highway Purposes: Queen City Realty Co.* v. *Linzell, Dir.,* 166 Ohio St., 249.

It appears to this court that, when the Legislature provided for an "appeal" for a jury trial by a dissatisfied "owner," it meant the owner of the fee of the property appropriated, because the ultimate question in the appeal is the value of the real estate as a whole, and this value cannot be affected in any way by the establishment of the value of an outstanding leasehold interest.

In establishing the value of the property as a whole, the only parties in interest are the owner of the fee and the Director of Highways. The distribution of the money which takes the place of the property or is recognized in law as the equivalent thereof is a matter solely between the owner of the fee and the holder of the leasehold interest, and "the condemnor has no concern therewith," *supra.*

We therefore hold that the owner of a leasehold estate in property appropriated for highway purposes cannot "appeal" for a jury trial under the provisions of Section 5519.02, Revised Code.

*Judgment affirmed.*

STEVENS, P. J., and HUNSICKER, J., concur.