City of Cleveland v. Orlando et al.

[Cite as Cleveland v. Orlando, 9 Ohio Misc. 164.]

(No. 688108—Decided January 12, 1967.)

Probate Court of Cuyahoga County.

*Mr. Bronis J. Klementowicz*, director of law, *Mr. Frank R. Klause*, and *Mr. Eugene P. Krent*, for city of Cleveland.
*Mr. Charles S. Tricarichi*, for Chester Orlando, defendant.
*Mr. John T. Corrigan*, prosecuting attorney, and *Doris Brucker*, for Frank M. Brennan, Cuyahoga County Treasurer and Ralph J. Perk, Cuyahoga County Auditor.
*Messrs. Stark, Biechele, Hopf & Cummings, Mr. H. W. Hopf*, for Cleveland Trust Company.
*Mr. Barnett A. Task*, for Irving Task and Lillian Task, defendants.

Merrick, P. J.   This matter is before the court on the motion of Chester Orlando, owner of a parcel of real property which is sought to be appropriated by the city of Cleveland. The moving defendant is in default of answer in the proceedings and claims that he was led into this predicament through the actions and statements of members of the legal staff of the plain-

tiff, city of Cleveland, and he asks leave of court to file an answer even though he is in such default.

The evidence discloses that upon being served in the action, defendant sought out his friend, Salvatore Precario, a member of the legal staff of the city. Together they went to the Cleveland City Hall and to another member of such legal staff who was handling land appropriation cases. Prices and offers were discussed. The time in which the city would take the property was also discussed and a period of six months was suggested by counsel for the city. Defendant testified that he was advised "not to worry about it for six or seven months," and that he took it for granted that he would not be required to do anything for that length of time.

There is some conflict in the testimony as to the exact wording used during the conference, but there is agreement that a period of six months was mentioned as the time which would pass before the property would be needed by the city of Cleveland. The defendant owner and one of the assistant law directors both testified. Mr. Precario was not called as a witness.

It is a well settled rule that the legal representative of an appropriating party should not lull the owner into a position where the owner relies on the promises or inferences of such representative and finds himself in inactivity beyond the deadline set for some legal action. In such an instance the owner should not be put to the disadvantage of being denied the right to fully contest the appropriation action.

It is not uncommon for persons having business with municipal corporations to seek out a friend or acquaintance who may be an employee of such subdivision and attempt to negotiate without the advice of independent counsel. Many appropriation cases are settled in this manner. If the aides of the city of Cleveland indulged themselves as the defendant contends, then they were, in part, leading him to believe that they were acting for his protection as well as that of the city of Cleveland. Counsel cannot be friend and foe in any given situation. Mr. Precario was the defendant's friend and was apparently acting in his behalf while employed as legal counsel by the city of Cleveland. Such a situation should have prompted both

lawyers for the city to make sure the owner was specifically advised that he should seek independent counsel and that while one or both of them might be considered his friend, that their loyalty was to their employer and not to an adverse party.

There is indication in the testimony that the price for the property in question would be subject to continued negotiation and that the owner was led to believe even after the appropriation action was commenced that the controversy as to price might not have to be actually litigated, and as a result he permitted answer day to pass without any action on his part.

Consistent with the requirements of due process are those fundamental principles which are designed to protect the citizen in his private rights, and guard him against the arbitrary action of government. All legal reasoning must be guided by this doctrine. *Barnhardt* v. *Linzell*, 104 Ohio App. 243. *Burdett Oxygen Co. Appropriation, In re*, 84 Ohio Law Abs. 81.

The defendant owner is granted leave to plead until January 28, 1967.