OPINION
{¶ 1} Plaintiff-appellant Constance Robinson appeals from the decision of the Jefferson County Common Pleas Court dismissing her complaint for injunctive relief against defendant-appellee Gordon Proctor, Director, Ohio Dept. of Transportation (referred to as the director). The issue in this appeal is whether a complaint for injunctive relief alleging that the director is taking more property than is needed for public purpose in an appropriation action is an action to prevent the taking of property without due process. We find that it is not. Thus, the trial court was correct in determining that the Franklin County Common Pleas Court has exclusive jurisdiction over the complaint at issue. For the reasons stated below, the judgment of the trial court is affirmed.
 STATEMENT OF CASE {¶ 2} On October 13, 2005, the director filed under R.C. Chapter 163, a Petition to Appropriate Property in the Jefferson County Common Pleas Court. Robinson, as owner of a parcel of property that was sought to be appropriated, was named as a defendant in that case. Robinson's land is located in Jefferson County, Ohio. The director sought to appropriate the land for construction and improvements to portions of Ohio State Route 43 and U.S. Route 22 (free highways).
 {¶ 3} On March 15, 2006, Robinson, in a separate action against the director, filed a Complaint for Injunctive Relief. The complaint was filed in the Jefferson County Common Pleas Court. The complaint alleges that the director's attempted appropriation of her access to State Route 43 is not a necessity, but rather is an "excess appropriation." Specifically, paragraph 10 of the complaint alleges, "The Defendant [the director] does not have the right or power to make the excess appropriation/excess condemnation, because the taking of Plaintiff's access is not necessary to the completion of Defendant's project and not necessary to the public use."
 {¶ 4} In response, the director filed a Civ. R. 12(b)(1) motion to dismiss claiming that the Jefferson County Common Pleas Court did not have subject matter jurisdiction over the complaint. It contended that pursuant to R.C. 5501.22, the Franklin County Common Pleas Court has exclusive subject matter over the complaint.
 {¶ 5} Robinson opposed the motion to dismiss. She claimed that the taking of her property was a taking without due process of law and thus, fell within an exception listed in R.C. 5501.22. Thus, according to her, the Franklin County Common Pleas Court does not have exclusive jurisdiction over her complaint.
 {¶ 6} The Jefferson County Common Pleas Court agreed with the director. It reasoned that any argument regarding the "necessity" of an appropriation does not fall under either exception listed in R.C. 5501.22. Therefore, according to it, exclusive jurisdiction remained with the Franklin County Common Pleas Court.
 {¶ 7} Robinson timely appeals from that decision.
 FIRST AND SECOND ASSIGNMENTS OF ERROR {¶ 8} "WHERE A PROPERTY OWNER COMMENCES AN ACTION FOR INJUNCTION TO PREVENT THE TAKING OF PROPERTY WITHOUT DUE PROCESS OF LAW, THE COMMON PLEAS COURT OF THE COUNTY WHERE THE PROPERTY OWNER'S PROPERTY IS SITUATED HAS SUBJECT MATTER JURISDICTION TO HEAR AND DETERMINE THE ISSUES RAISED IN THAT INJUNCTION ACTION."
 {¶ 9} "AN `EXCESS APPROPRIATION' IS AN `APPROPRIATION WITHOUT DUE PROCESS OF LAW,' WITHIN THE MEANING OF R.C. 5501.22."
 {¶ 10} The assignments of error are addressed together due to their relatedness and for ease of discussion.
 {¶ 11} As stated previously, the director filed a Civ. R. 12(B)(1) motion to dismiss for lack of subject matter jurisdiction. The motion was granted.
 {¶ 12} Generally speaking, a Civ. R. 12(B) motion to dismiss is a procedural motion designed to test the sufficiency of a complaint.State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs., 65 Ohio St.3d 545,1992-Ohio-73. The correct standard of review when a trial court grants a Civ. R. 12(B)(1) motion to dismiss is whether the plaintiff has alleged any cause of action which the court has authority to decide. United Food Commercial Workers Union, Local 1059, AFL-CIO v. Pillsbury Co . (2000), 138 Ohio App.3d 427, 430, citing Shockey v. Fouty (1995),106 Ohio App.3d 420 and McHenry v. Indus. Comm. (1990), 68 Ohio App.3d 56.
 {¶ 13} The complaint at issue alleges that the director is taking more property than is needed for the completion of the State Route 43 and US Route 22 highway project.
 {¶ 14} R.C. 5501.22 was the basis for granting the Civ. R. 12(b)(1) motion. This section states:
 {¶ 15} "The director of transportation shall not be suable, either as a sole defendant or jointly with other defendants, in any court outside Franklin county except in actions brought by a railroad company under section 4957.30 of the Revised Code, or by a property owner to prevent the taking of property without due process of law, in which case suit may be brought in the county where such property is situated, or in any action otherwise specifically provided for in Chapters 5501., 5503.,5511., 5512., 5513., 5515., 5516., 5517., 5519., 5521., 5523., 5525.,5527., 5528., 5529., 5531., 5533., and 5535. of the Revised Code."
 {¶ 16} R.C. 5501.22 clearly confers exclusive jurisdiction to Franklin County of all suits that do not fall within the two exceptions enumerated in R.C. 5501.22. State ex rel. Jaster v. Court of CommonPleas (1936), 132 Ohio St. 93; Wilson v. Cincinnati (1961),172 Ohio St. 303, 305-306; State ex rel. Lawrence Development Co. v. Weir (1983),11 Ohio App.3d 96, 97.
 {¶ 17} The first exception stated in R.C. 5501.22 is an action brought by a railroad company. Clearly, this exception is not invoked; Robinson is not a railroad company.
 {¶ 18} The second exception is an action brought by "a property owner to prevent the taking of property without due process of law." Robinson contends she falls under this exception. The director disagrees.
 {¶ 19} There are cases that have been decided based upon this exception. However, the vast majority of cases discussing this exception focus primarily on the "prevent the taking of property" aspect of this exception. For instance, in Wilson v. Cincinnati (1961),172 Ohio St. 303, 306, the Ohio Supreme Court first considered whether the action was an action to prevent the taking of property. The Court in that case concluded that the case did not fall under the exception because the petition filed showed on its face that the property involved had already been taken and devoted for public use. Id. Therefore, the action brought could not prevent a taking since the taking already occurred. Id. Thus, the Court concluded that Franklin County had exclusive jurisdiction over the matter. Id.
 {¶ 20} Likewise, in Sarkies v. State, Dept. of Transp. (1979),58 Ohio St.2d 166, the Ohio Supreme Court was faced with another situation where the complaint clearly alleged that the property had already been taken. Thus, the exception could not apply in that case either. Id. See, also,Proctor, 11th Dist. No. 2005-T-0026, 2006-Ohio2385 (discussing the prevent aspect of the exception).
 {¶ 21} The parties, in the matter at hand, agree that the property has not yet been taken. Therefore, the prevent aspect of this exception is not at issue. Rather, the issue in this case is whether the property is being taken "without due process of law." Or, in other words, when more property than is necessary to complete the project is being taken, does that constitute a taking "without due process of law" for purposes of R.C. 5501.22?
 {¶ 22} The director argues that in R.C. 5501.22 the language "without due process of law" means without compensation. It contends that it does not include a lack of necessity. Thus, it is the director's position that since an appropriation proceeding has already been invoked under R.C. Chapter 163 to determine the appropriate compensation for the property, Robinson is not being denied due process of law.
 {¶ 23} Robinson argues that "without due process of law" has a broader definition than the one being argued by the director. She contends it can mean both compensation and necessity. Since she is claiming that the director is taking more than is necessary, her action for injunctive relief falls within the exception listed in R.C. 5501.22 and, as such, Franklin County does not have exclusive jurisdiction over the action.
 {¶ 24} In support of its argument, the director cites to an appellate court case which it argues indicates that due process, as used in R.C. 5501.22, means only compensation. Fleming v. Noble (1959),111 Ohio App. 289. In Fleming, a property owner conveyed highway easements to the director for construction of a highway. At the time of the conveyance, the director represented to the property owner that it would build an overpass so that the property owner would have access to all of its land. The property owner was monetarily compensated for its damage. Sometime during the project, the director abandoned its plans to build an overpass. As a result, the property owners suffered additional damages because it was deprived of part of its land and was not compensated for that loss. The appellate court held that the action for damages filed in Wayne County fell under the exception "to prevent the taking of property without due process of law."
 {¶ 25} It focused on the due process of law clause and explained:
 {¶ 26} "When the Legislature, in Section 5501.18 [prior version of R.C. 5501.22 that has not been substantively revised], Revised Code, supra, used the phrase `due process of law' in establishing the county in which the Director of Highways could be sued, it without doubt had in its collective mind those fundamental principles which protect the citizen in his private rights and guard him against the arbitrary action of government; and it is the judgment of this court that statutes must be interpreted in this light. See: In re Appropriation for HighwayPurposes (Barnhardt v. Linzell), 104 Ohio App. 243.
 {¶ 27} "`Due process of law' is a phrase which cannot be defined with precision to cover all cases. 'It is, no doubt, wiser * * * to arrive at its meaning 'By the gradual process of judicial inclusion and exclusion, as the cases presented for decision shall require, with the reasoning on which such decisions may be founded.` * * *'
 {¶ 28} "It may be sufficient to observe that `due process' means `one which, following the forms of law, is appropriate to the case, and just to the parties to be affected. It must be pursued in the ordinary mode prescribed by the law; it must be adapted to the end to be attained; and wherever it is necessary for the protection of the parties, it must give them an opportunity to be heard respecting the justice of the judgment sought. The clause * * * means * * * that there can be no proceeding against life, liberty, or property which may result in the deprivation of either, without the observance of those general rules established in our system of jurisprudence for the security of private rights.'Hagar v. Reclamation Dist. No. 108, 111 U.S. 701, 707-708.
 {¶ 29} "It seems apparent that the phrase `due process of law' is broad in its scope and comprehensive in its application, and that the Ohio Legislature meant it to be such.
 {¶ 30} "* * *
 {¶ 31} "`Due process of law as guaranteed by the federal and state constitutions requires `some legal procedure in which the person proceeded against if he is to be concluded thereby, shall have an opportunity to defend himself.' State ex rel. Hoel, Pros. Atty. v.Brown, 105 Ohio St. 479, 486, 138 N.E. 230, 232.'
 {¶ 32} "We conclude that an action of this character may be brought in Wayne County, Ohio, `to prevent the taking of property without due process of law.'" 111 Ohio App. 289, 292-294.
 {¶ 33} This case does indicate, as the director suggests, that due process means compensation. The opinion clearly determined that due process, as used in R.C. 5501.22, can mean compensation. Id. at 293-294.
 {¶ 34} However, despite the director's insistence, Fleming does not clearly stand for the proposition that the language "due process of law" as used in R.C. 5501.22 means only compensation and does not include necessity. The language of the opinion clearly indicated that "due process of law" cannot be defined with precision. It further added that when the legislature adopted the section of the Ohio Revised Code that established the county in which the director of Highways could be sued, "it without a doubt had in its collective mind those fundamental principles which protect the citizen in his private rights and guard him against the arbitrary action of government; and it is the judgment of this court that statutes must be interpreted in this light." Id. at 293. The language in the opinion no where limits the definition of "due process of law," as used in R.C. 5501.22, to mean only compensation. In fact, the opinion expressly stated that, "`due process' means `on which, following the forms of law, is appropriate to the case, and just to the parties to be affected.'" Id. As such, Fleming does not clearly stand for the proposition that "due process of law," as used in R.C. 5501.22, does not include necessity.
 {¶ 35} Thus, there is no clear indication from the cases cited by the parties as to whether "due process of law" as used in R.C. 5501.22
includes necessity. That said, when Chapter R.C. 163, the chapter on appropriation, is read in conjunction with R.C. 5501.22, we find that those statutes when read in conjunction with the above case law provide an indication that "due process of law" as used in R.C. 5501.22 does not include necessity.
 {¶ 36} R.C. Chapter 163 is the chapter on appropriations. R.C. 163.04
states that appropriations shall be made only after the agency, in this case the Ohio Department of Transportation, is unable to agree, for any reason, with the owner, i.e. Robinson. The petition for appropriation is then filed in accordance with R.C. 163.05. After the petition is filed, R.C. 163.08 allows the owner of the property to file an answer. This section establishes that the owner may answer the petition by arguing that the agency does not have the right to appropriate the land, that the parties are unable to agree on the amount of compensation, and that there is no necessity for appropriation, i.e. there is no public purpose. This section then states:
 {¶ 37} "[W]hen taken in time of war or other public exigency, imperatively requiring its immediate seizure or for the purpose of making or repairing roads, which shall be open to the public, without charge, an answer may not deny the right to make the appropriation, the inability of the parties to agree, or the necessity for the appropriation."
 {¶ 38} This language clearly indicates that when real property is being condemned for the purpose of making or repairing public roadways, a landowner's answer cannot deny the necessity for such appropriation.Wray v. Bartley (June 7, 1995), 4th Dist. No. 94CA533 (indicating separate injunction action is probably the appropriate avenue). Furthermore, it is noted that appropriation petitions are usually filed in the county where the land is situated.
 {¶ 39} Considering all of the above in conjunction with each other, if R.C. 5501.22 does not confer exclusive subject matter jurisdiction to the Franklin County Common Pleas Court to determine necessity arguments in matters such as the one at hand, then a landowner could file a complaint for injunctive relief in the same county where the appropriation action was being determined. However, as explained above, pursuant to R.C. 163.08, that argument could not be made in the appropriation case. Rather, it would have to be done under a separate case number. Such result defies judicial economy and would seem to have no logical basis.
 {¶ 40} Thus, it is the position of this court that R.C Chapter 163
must be read in conjunction with R.C. 5501.22 to determine what the phrase "without due process of law" as used in that section means. The appropriations statutes, R.C Chapter 163, indicate that in appropriation actions for highway purposes necessity cannot be argued as a counterclaim; rather, it must be raised in a separate action. R.C. 5501.02 indicates that Franklin County has exclusive jurisdiction over actions against the Director except when the action is "to prevent a taking without due process of law." Read together, we deem this to mean that an argument about the necessity of land for free highway use must be raised in the Franklin County Common Pleas Court. If it were to be otherwise, the appropriations statutes would have allowed a counterclaim for necessity to be made in the appropriation case. As it does not, it is the opinion of this court that the phrase "without due process of law," as used in R.C. 5501.22, does not include necessity.
 {¶ 41} We are mindful that under the general principles of eminent domain, when due process is thought about, it includes both necessity and compensation. See Norwood v. Horney, ___ Ohio St.3d ___,2006-Ohio-3799, ¶ 36-38, 40-42 (discussing history of eminent domain, the Fifth Amendment, public use and just compensation and stating, "[t]he binary constitutional inquiry in an eminent-domain case is whether both the compensation requirement and the public-use test were satisfied.") However, when considering the above and judicial economy, we find that the phrase "due process of law" as used in R.C. 5501.22
does not include necessity.
 {¶ 42} In conclusion, the trial court properly dismissed the complaint for injunctive relief due to lack of subject matter jurisdiction. Franklin County Common Pleas Court has exclusive jurisdiction over complaints against the director of transportation.
 {¶ 43} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, P.J., concurs. DeGenaro, J., concurs.