This is a bill for the construction of the will of one Gottfried J. Goetter. The will is as follows:
"I give and bequeath all my personal property to my beloved wife, Johanna Goetter, so that she shall after my decease have and hold all that I may be rightfully possessed of at the time of my decease, and she may hold it or dispose of the whole or any part of it as she thinks best, without let or hinderance from any so person whosoever. And she may draw money from banks or any other securities on my name, also collect or sue for any money due me at the time of my decease. In short, she shall have all the right that I have as well in law as in equity."
The testator died in 1913, and thirteen years elapsed before any attack was made on the validity of the will. Testator's children, apparently, acquiesced in the theory that the property was that of their mother. Two grandchildren now dispute this and insist that their grandfather died intestate as to his real estate, owing to the fact that the will *Page 626 
"gives and bequeaths all my personal property," and says nothing about real estate. At the time of the making of the will testator owned no real estate. At his death he owned the real estate in dispute, and, practically, no personal property.
Testimony was admitted over objection tending to show that testator had said, on or about the time the will was made, that he desired his wife to have his entire estate. Also, that the will was prepared by one Seidel, a layman, a justice of the peace. I do not think it is necessary to consider the extraneous testimony. My conclusion is based upon a careful consideration of the wording of the will itself.
In the first place, "a will ordinarily speaks from the time of the death of the testator." 40 Cyc. 1424; Voorhis v. Otterson,66 N.J. Eq. 172. Therefore, the fact that testator owned no real estate in 1891 is of no moment, especially when the fact is considered that he did not die until 1913. He allowed his will to remain unaltered all those years, and had he desired to make other disposition of his real estate than to his wife he had ample opportunity to do so. Second. "The presumption is that the testator intended to dispose of his entire estate and not to die intestate as to the whole or any part thereof." 40 Cyc. 1409, and cases cited. To hold that this will does not pass the real estate is practically to declare that testator died intestate as to the personal property amounts to almost nothing. The will was drawn by an unskilled scrivener, as is apparent from its wording, and while it starts off with the words "all my personal property," it goes on to say "so that she shall after by decease have and to hold all that I may be rightfully possessed of at the time of my decease. * * * In short, she shall have all the rights I have as well in law as in equity." It should be noted that it refers to "property I may be rightfully possessed of at the time of my decease." This, I believe, includes the real estate, and clearly makes the will speak from testator's death. Carter v.Gray, 58 N.J. Eq. 411.
I will advise a decree in accordance with these conclusions. *Page 627