## UNITED STATES v. 425,031 SQUARE FEET OF LAND, JERSEY CITY, NEW JERSEY et al.

### No. 9908.

United States Court of Appeals
Third Circuit.

Argued Jan. 18, 1951.

Decided March 14, 1951.

---

* Bayer & Mingolla Construction Company, Inc.

Nathan L. Goldstein, New York City (Joseph Rand, West New York, N. J., on the brief), for appellants.

Wilma C. Martin, Washington, D. C. (A. Devitt Vanech, Asst. Atty. Gen., Grover C. Richman, Jr., U. S. Atty., Newark, N. J., Robert W. Moncrief, Sp. Atty., Newark, N. J., Roger P. Marquis, Atty., Dept. of Justice, Washington, D. C., on the brief), for appellee.

Before GOODRICH, KALODNER and STALEY, Circuit Judges.

STALEY, Circuit Judge.

This is an appeal from a judgment of the district court in a condemnation proceeding. The appellants allege that the district judge erred in excluding certain evidence and in his failure to charge the jury as requested.

On August 12, 1943, the United States instituted proceedings to condemn the temporary use and occupancy of approximately 425,000 square feet of space in the Harborside Warehouse, Jersey City, New Jersey. Immediate possession was granted to the United States by an order of the district court.

This area had been used for storage, manufacturing, and office purposes, and was condemned for military purposes. Since the utmost flexibility was required, the interest taken was "for a term of years ending June 30, 1944, extendable for yearly periods thereafter during the existing national emergency at the election of the United States * * *." This option was exercised twice, thus giving the government continued possession through June 1946.

At the time the government instituted these proceedings, the space sought was being occupied by various tenants under leases from Harborside Warehouse Company ("Harborside"), owner of the build-

ing. These tenants and Harborside [1] were made parties to this action. The leases under which the tenants were in possession varied considerably in their provisions and in the length of their terms. The original term of the government's taking ran beyond the terms of the leases of all appealing tenants, except those of H. Goodman & Sons, Inc., and Perfect Brassiere Company, Inc. The extended term of the government's taking, however, ran beyond the terms of the leases of Goodman and Perfect Brassiere as well. The terms of these two leases ended in 1945, but both tenants had options to renew for five additional years. [2]

Condemnation commissioners were appointed, a hearing was held, and a report was issued October 27, 1947, wherein various sums were awarded as compensation to the tenants. Appeals to the district court by both the United States and some of the tenants resulted in a jury trial. Special verdicts were returned by the jury, upon which judgment was entered. The appeals of six tenants are now before us.

Appellants contend that the value of their trade fixtures and equipment, which could not be removed from the building, are compensable not as a part of, but in addition to the value of the right of occupancy, and that the district judge erred in refusing to permit evidence to be introduced as to the sound value of the fixtures. In this ruling, we see no error.

■ The court very properly applied the rule enunciated by the Supreme Court in United States v. Petty Motor Co., 1946, 327 U.S. 372, 66 S.Ct. 596, 90 L.Ed. 729: Where a complete leasehold is taken, the measure of damages is the value of the use and occupancy of the leasehold for the remainder of the tenant's term, plus the value of the right to renew in the lease, less the agreed rent which the tenant would pay for the use and occupancy. In proving the fair market value of the leasehold, appellants were permitted to introduce expert testi-

mony as to the value of the leasehold without fixtures, and the value of the leasehold as enhanced by the fixtures. The court's charge to the jury that they could consider the improvements as elements to be weighed in determining the fair value of the leasehold was a correct statement of the law. [3]

■ Appellants urge upon us a consideration of United States v. General Motors Corp., 1945, 323 U.S. 373, 65 S.Ct. 357, 89 L.Ed. 311, wherein compensation was granted to the tenant for the costs of moving and for the value of fixtures and permanent equipment destroyed or depreciated in value by the taking. The court, however, in that case carefully limited the scope of that rule to cases of partial taking; i.e., where the term of a tenant's lease extends beyond the period of the government's taking. In such case, there is imposed upon the tenant the onerous burden of moving out, and, if it is to fulfill its obligation, later moving back. Hence, in that special situation, moving costs and the value of fixtures destroyed or depreciated are allowed. See United States v. Petty Motor Co., supra; United States v. Westinghouse Co., 1950, 339 U.S. 261, 70 S.Ct. 644, 94 L.Ed. 816; United States v. 5.42 Acres of Land, 3 Cir., 1950, 182 F.2d 787.

■ ■While it has been recognized that, in exceptional circumstances, extraordinary or unusual items of expense may be recognized as elements for compensation in this type of litigation, the general rule is that compensation is to be determined by the market value of the property condemned where such standard is readily available. See United States v. 5.42 Acres of Land, supra. No circumstances so exceptional as to require a departure from the general rule appear in the instant case.

■ Appellants Goodman and Perfect Brassiere contend that the court below erred in refusing to charge the jury that they should find the value of the option in

1. After initiation of the condemnation proceedings, settlement was reached by the government and Harborside on the basis of a lease entered into between the parties.

2. These options were never exercised.

3. See United States v. Certain Lands, etc., 3 Cir., 1950, 183 F.2d 320.

the same manner as they find the value of the main term. Since formal objection or exception to the court's refusal to so charge was not made, Rule 51 of the Federal Rules of Civil Procedure, 28 U.S.C.A. prevents these appellants from raising this question on appeal.

Even if appellants had properly excepted to the refusal of the court to charge as requested, we hold that there is no merit in appellants' argument. Experts for both sides testified as to the value of the option, and as to the reasons for their evaluation. To have charged the jury in the manner requested by appellants would have been tantamount to instructing them that they must believe appellants' expert. Further, such an instruction would have presented an unwarranted qualification of the rule as to the measure of damages enunciated in the Petty Motors case, supra.

For these reasons, the judgment of the district court will be affirmed.