321 P.2d 1025

STATE of Arizona, ex rel. Robert MORRI-
SON, Attorney General, Appellant,

v.

Carl G. CARLSON and Catherine Carlson,
his wife, Appellees.

No. 6478.

Supreme Court of Arizona.

Feb. 26, 1958.

Robert Morrison, Atty. Gen., and Charles L. Hardy, Asst. Atty. Gen., for appellant.

Daniel Schimmelpfennig, Tucson, for appellees.

JOHNSON, Justice.

The state filed a complaint in condemnation to acquire land for additional right-of-way for the Tucson-Casa Grande highway.

Appellees, the Carlsons, were lessees of part of a store building under the terms of a written lease ending April 30, 1957, at a monthly rental of $85, with an option to renew the lease for an additional term of two years at a monthly rental of $112.-84. The new right-of-way line cut through the Carlsons' store building, taking about 275 square feet of the demised area of 1433 square feet, or approximately 18.1 per cent thereof. The owners of the fee reconstructed the front of the store building on the new right-of-way line and were compensated for their damage.

The lease in question was in evidence and the cross-examination of the real estate appraiser for the state established that the Carlsons were apparently conducting a successful sundry business from the premises, and there was every indication they would continue to do so; no other suitable vacant space was available in the area.

The trial court allowed the Carlsons damages for reduction in rented space to the end of the period of the existing lease, expenses incurred in removing, rearranging and reconnecting fixtures and damages to the leasehold interest for lease renewal option of two years, in the amount of $490.

The state has appealed only from the portion of the judgment allowing damages for the lease renewal portion of two years, and contends there was no evidence to justify the allowance for such loss; and if there had been sufficient proof of loss it is not compensable as it is speculative.

It is generally held that a lessee is entitled to a sum which will adequately compensate him for his pecuniary loss as a result of the exercise of the power of eminent domain and is entitled to the value of an option of renewal in addition to the value of the unexpired term of the lease. Hercey v. Board of Chosen Freeholders of Essex County, 99 N.J. Eq. 525, 133 A. 872; United States v. Petty Motor Co., 327 U.S. 372, 66 S.Ct. 596, 90 L.Ed. 729; 3 A.L.R.2d 326.

The rules of law for measuring damages vary in different situations, depending upon whether the leasehold estate is partially or entirely taken and whether

there is an abatement of lessee's obligation to pay the reserved rent. Where a portion of the leasehold estate is taken and the lessee is obligated to pay the entire reserved rent of the lease, the trial court may consider the rental provided in the lease or in the option for renewal as the fair market rental value of the premises. It is well recognized that leases commonly are not assignable without the consent of the landlord, and are infrequently sold, and vary so much in length of term, rent reserved and other particulars, as well as in the character of the property, that it is impossible to apply the customary test of market value to a leasehold interest. United States v. Petty Motor Co., supra; 4 Nichols on Eminent Domain, § 12.42(3), p. 179.

Where the state condemns only a part of a leasehold the measure of damage is the difference between the value of the remainder before and after the taking. 29 C.J.S. Eminent Domain § 143, p. 990; City of Cincinnati v. Smythe, 57 Ohio App. 70, 11 N.E.2d 274. The trial judge inspected the premises; the lease was in evidence; the real estate expert for the state confirmed the rent as provided in the basic lease as being the economic rental value of the leasehold; and the lessees' business was being successfully operated. We recognize that there is no certain and exact rule for measuring damages where an option to renew a lease is impaired or diminished in value due to a condemner taking a portion of a leasehold estate as in each case variable factors must be taken into consideration by the court. However, a foundation was laid in the evidence establishing a loss of 18.1 per cent of the total rental area, whereby the trial court could mathematically compute the difference between the value of the remainder before and after the taking and determine the damages sustained. Under the circumstances of this case the allowance of damage for the short term renewal period was not speculative as a mere expectation as the trial court could reasonably assume that the lessee, with a successful business, would exercise the option to renew the lease for the two-year period when no comparable rental space in the area was available. We are also of the opinion that the trial court was warranted, from all the evidence, in treating the renewal rental for the two-year period as the fair rental value of the leasehold for such period.

We are therefore of the opinion that the judgment was justified by the evidence.

Judgment affirmed.

UDALL, C. J., and WINDES, PHELPS and STRUCKMEYER, JJ., concur.