288

H. H. Hassler et ux.

*v.*

Overton County.

(*Nashville,* December Term, 1957.)

Opinion filed March 4, 1958.

Reagan, Neal & Craven, Jamestown, for plaintiffs in error.

Hillard M. Roberts and Millard V. Oakley, Livingston, for defendant in error.

Mr. Justice Prewitt delivered the opinion of the Court.

This is a suit for damages instituted by the property owners, H. H. Hassler and Tempie Hassler, against Overton County, for damages to their land arising out of the construction of a highway along and over their property in the Ninth Civil District of Overton County, Tennessee.

The Circuit Judge, in sustaining the demurrer, evidently held that the following instrument signed by the plaintiffs precluded a recovery in the present case:

"Right-of-way Contract

"The Undersigned H. H. Hassler and Tempie Hassler, contract with the State of Tennessee and Overton County, to furnish free of charge, a right of way, over and across our lands of the width and dimensions required by the Overton County Highway Department of Tennessee, for the building of Highway ———, known on the maps and plans of the Overton County Highway Department as ——— ———.

"Being the road leading from ——— to ———. The consideration to us being the incidental benefits to our property to accrue from the location of this County Highway, by, over, or through our lands and premises.

"Witness our hands this 12 day of Jan. 1955.

> "/s/   H. H. Hassler
> Tempie Hassler

" (Acknowledged same day.)"

The plaintiffs, in their insistence here, rely upon *Morgan County v. Neff*, 36 Tenn. App. 407, 256 S.W.2d 61, and also *Carter County v. Street*, 36 Tenn.App. 166, 252 S.W.2d 803.

The effect of these holdings is that the instrument conveying the right-of-way was general in terms and the court came to the conclusion that unusual damages were not within the contemplation of the parties at the time that the right of way agreement was signed.

In these cases it appeared the landowner had no information when executing the right of way contract that unusual cuts and fills would be of such magnitude as to result in damages to remaining land or destroy the right of ingress and egress.

The defendant, County, relies upon our recent holding in *Denny v. Wilson County*, 198 Tenn. 677, 281 S.W.2d 671, where the doctrine of estoppel is applied. But in this case there was a warranty deed which covered any and all damages that the party might suffer over and above the incidental benefits.

Now, in the present case the declaration alleges that there will be a cut of some 11 feet in this property which consists of about one acre on one side of the road, and three acres on the other side of the road, and that plaintiffs' well will be destroyed and also their grocery store and filling station.

In *Denny v. Wilson County, supra,* it was recognized by the Court that where the landowner suffers damages as a result of condemnation and use of his land, which neither he nor condemnor contemplated at time of the proceedings, and the damage is of such nature that the court would have rejected an attempt to prove the same in condemnation proceedings as speculative and conjectural, landowner may be compensated for such damage in a subsequent action.

Under the allegations of the declaration in the present case we think that the property owners are entitled to show evidence on the trial of the cause these elements of damages evidently not contemplated by the parties at the time of the execution of the above contract, and to this end this case is reversed and remanded for a new trial.