372 P.2d 324

STATE of Arizona ex rel. William E. WILLEY, State Highway Engineer, Appellant,

v.

Don CHUN and Don Chin Shee, his wife, and Louis Musil and Alice Musil, his wife, Appellees.

No. 7311.

Supreme Court of Arizona,

In Division.

June 13, 1962.

318

Robert W. Pickrell, Atty. Gen., Phoenix, by J. Mercer Johnson, Sp. Asst. Atty. Gen., Tucson, for appellant.

Dunseath, Stubbs & Burch, Tucson, for appellees Louis Musil and Alice Musil.

Ray F. Harris, Tucson, for appellees Don Chun and Don Chin Shee.

R. C. STANFORD, Jr., Superior Court Judge.

This is an appeal by the State of Arizona from the judgment of a condemnation suit wherein damages were awarded to the defendants-appellees Louis Musil and Alice Musil, his wife, for a leasehold interest condemned by the State for highway pur-

poses. The only issue as to appellees Louis Musil and his wife which was submitted to the jury was the amount of the monetary damages resulting to them by virtue of the taking of real property. On this issue the jury returned a verdict in favor of the tenants in the sum of $5,500.

Don Chun and his wife were the owners of the certain improved property located on Ajo Road in Tucson and the appellees Musils were tenants of the building owned by Chun, wherein Musil operated a grocery and variety store combination and occupied living quarters under a lease for a term of years. Musil, the tenant, went into business in 1949 and operated continuously until the State initiated a street-widening program on Ajo Road, necessitating that the front portion of the tenant's store be shorn off, rendering the remainder untenantable. The appeal by the State from the judgment awarding damages to Don Chun and his wife, owners of the real property, was dismissed on stipulation.

Error is assigned by the State as to the admission of testimony of the tenant's cost of moving personal property from the leased premises. The view sustained by the great majority of the cases is that an owner of real property taken or damaged in eminent domain is not entitled to compensation for the cost of removal of personal property from the premises. Housing Authority of City of East St. Louis

v. Kosydor, 17 Ill.2d 602, 162 N.E.2d 357; Amoskeag-Lawrence Mills, Inc. v. State, 101 N.H. 392, 144 A.2d 221; American Salvage Co. v. Housing Authority of City of Newark, 14 N.J. 271, 102 A.2d 465. And see Annot. 69 A.L.R.2d 1453.

Appellees direct our attention to the case of State ex rel. Morrison v. Carlson, 83 Ariz. 363, 321 P.2d 1025. There the owners of the fee reconstructed the front of the store building on the new right-of-way line and the tenants continued to do business in the reduced space. The trial court apparently allowed the tenants as damages their expenses incurred in removing, rearranging and reconnecting fixtures. No point was made as to the correctness of the trial court's ruling in this Court for the reason as the decision says:

"The state has appealed only from the portion of the judgment allowing damages for the lease renewal portion of two years * * *."

Consequently, the decision there is not authority for appellees' position here.

A leading text, 4 Nichols, Eminent Domain 667, § 14.2471[2] B., discusses the rule in this language:

"In general, the lessee's cost of removing his personal property from the land condemned is not an element meriting consideration in ascertaining his compensation whether such item is considered as a separate, substantive ele-

ment of damages or whether it is considered insofar as its effect upon the market value of the leasehold is concerned. It has been said that the 'just compensation' to which a lessee is entitled is measured by the market value of his leasehold. He is not entitled to more than that because his expenses are increased in consequence of moving his business to another place. The lessee is charged with notice that he might be subjected to deprivation of the use of the leased premises by the exercise of the power of eminent domain. Inconvenience and expense incident to vacating the premises upon the expiration of the right to retain them are not proper subjects of consideration in determining the just compensation to be paid by the party acquiring the right to possess and use them. The prevailing rule and its underlying rationale were well expressed in one case as follows:

" 'The reasons for not allowing this damage are: (1) That the tenant would have to move anyhow, and this is one of the encumbrances attaching to the act of placing personal property on leased premises; (2) it is not within the language of the Constitution—that the expense of moving it is neither a taking nor a damaging of the property; and (3) that a verdict would necessarily be based upon conjecture, as one tenant might locate his personal property within a few feet, or a few yards, or a few blocks of the place from which it is removed, another might move it a mile distant, and another might go still farther. The cost of removal would apparently, differ greatly.' "

And see Annot. 156 A.L.R. 397. We think the majority rule is sound and that it was error to admit testimony concerning the cost of moving the personal property.

 The second assignment of error is to the effect that the trial court erred in admitting into evidence as an element of the tenant's damages testimony of the value of unsold merchandise retained by the tenant after the leasehold had been terminated. The tenant testified that the damages to his store of groceries and variety goods was in the sum of $1,611. In arriving at this figure, he stated that he removed $1,811 worth of unsold merchandise from the leased premises to his home and that he had been offered $200 for the same. These goods were not broken, destroyed or physically deteriorated. The Constitution of Arizona, Art. 2, § 17, A.R.S., provides that "No private property shall be taken or damaged for public or private use without just compensation * * *." We do not believe that there was either a taking or a damaging of this merchandise within the meaning of the Constitution.

■■ First, it is plain that a taking of real estate does not effect the ownership of personal property kept on the premises taken, but not permanently affixed thereto. The owner is entitled to remove personal property. 4 Nichols, Eminent Domain 667, § 14.2471[2] B. Second, as to the damaging, an owner of personal property in appellees' position might choose to remove the goods to another place of business and thus suffer no loss in the diminution of the value of the merchandise or he might by sale or auction prior to leaving the premises recapture the principal value of the goods. Evidence of the value of the unsold merchandise retained by the tenant after the leasehold has been terminated is not proper as an element of damages.

■ The third assignment of error concerns the admission of testimony describing monetary damages to personal property of the tenant's trade fixtures which were removed and retained by him. A lessee is not entitled to recover the cost of the fixtures, nor the diminution in the value of the fixtures which are removed after the taking. Damages are measured by the increased market value of his leasehold by reason of the putting in of the trade fixtures. Minsk v. Fulton County, 83 Ga. App. 520, 64 S.E.2d 336; Pause v. City of Atlanta, 98 Ga. 92, 26 S.E. 489; United States v. 425,031 Square Feet of Land, etc., 187 F.2d 798 (3rd Cir.1951). And see 18 Am.Jur. Eminent Domain § 254; Annot. 3 A.L.R.2d 286. In Gilbert v. State ex rel. Morrison, 85 Ariz. 321, 338 P.2d 787, the Court quoted with approval the statement in 2 Nichols, Eminent Domain 203, § 5.81[2] that a tenant is not entitled to recover for property not attached to the realty. Therefore any loss resulting from the removal of fixtures is not compensable and the testimony as to the monetary depreciation of the fixtures in the amount of $1,313 which the tenant removed was improper.

■■ The appellant claims that it was error to admit into evidence exhibits R and S, which were photographs of the interior of the Musils' place of business. These pictures showed the fixtures and the use to which the premises was devoted by the lessees. The jury was entitled to and should have considered the use to which the premises were put. Korf v. Fleming, 239 Iowa 501, 32 N.W.2d 85, 3 A.L.R.2d 270; Des Moines Wet Wash Laundry v. City of Des Moines, 197 Iowa 1082, 198 N.W. 486, 34 A.L.R. 1517; James Poultry Co. v. Nebraska City, 135 Neb. 787, 284 N.W. 273, opinion supplemented in 136 Neb. 456, 286 N.W. 337; Kafka v. Davidson, 135 Minn. 389, 160 N.W. 1021; King v. Minneapolis Union Ry. Co., 32 Minn. 224, 20 N.W. 135; City of Nashville v. Mason, 11 Tenn.App. 344; Bales v. Wichita Midland Valley R. Co., 92 Kan. 771, 141 P.

1009, L.R.A.1916C, 1090. There was no error in admitting these exhibits in evidence.

For the foregoing reasons the judgment is reversed and remanded for a new trial.

STRUCKMEYER and JENNINGS, JJ., concurring.