388 P.2d 151

**STATE of Arizona ex rel. Justin HERMAN, Director, Arizona Highway Department, Appellant,**

**v.**

**Eugene OLSON and Thelma Irine Olson, his wife, and Southern Arizona Bank & Trust Co., a corporation, Appellees.**

No. 7669.

Supreme Court of Arizona.

In Division.

Dec. 31, 1963.

Rehearing Denied April 28, 1964.

Robert W. Pickrell, Atty. Gen., Phoenix, Robert O. Lesher, Sp. Asst. Atty. Gen., Tucson, for appellant.

**150**

Dunseath, Stubbs & Burch, Tucson, for appellees Olson.

Conner & Jones, Tucson, for appellees Southern Arizona Bank & Trust Co., a corporation.

LOCKWOOD, Justice.

This is an appeal by the state in a condemnation action from a judgment in favor of defendants Olson, and their mortgagee Southern Arizona Bank & Trust Company, in the amount of $12,000.

Defendants Olson were the owners in fee of the land in question, and Southern Arizona Bank & Trust Company held a mortgage on the land. The State of Arizona was constructing an underpass on West Grant Road in Tucson, and took an easement across the property involved for an underground box culvert, and changed and modified the owner's access to the property. The date of the taking was May 29, 1961.[1]

At the trial it developed that there was in effect an unrecorded lease of the entire Olson property to one Weisenborn, which took effect April 16, 1961, prior to the actual taking. The state was not aware of the lease until the time of trial. The state did not move to continue the matter for the purpose of making the lessee a party defendant when it discovered the existence of the lease, but proceeded with the trial.

Six witnesses testified as to damages resulting to the property from the taking. One was the owner, Olson. Each of the witnesses computed the damages by taking the difference between the value of the land and improvements before the taking, and the value of the same after the taking. Several witnesses testified they were aware of the lease, and had taken it into consideration in making their estimates of the value of the fee. No evidence was adduced to distinguish between any damage to the reversionary interest of the defendants Olson and any damage to the leasehold interest in Weisenborn. The state refused to request and objected to the giving of an instruction as suggested by counsel for defendants Olson, to the effect that the jury would be determining the damages suffered by the underlying fee of the Olson property, and not any damages which might be suffered by the lessee of the property.

The theory of the state's appeal is that the defendants Olson failed to prove their damages. It relies upon the provisions of § 12–1122 A.R.S. (1956) which provides that the court or jury shall ascertain and assess the value of the property sought to be condemned and the value of each estate or interest therein separately. From this the state reasons that there were two interests in the property: the reversionary interest of the Olsons in the fee, and the

1. Section 12–1123 A.R.S. (1956) establishes the date of the summons as the date of taking.

leasehold interest of Weisenborn, who was not a party to the action. The verdict was for a single amount, and the state claims that it was improper to require the state to pay the Olsons the entire amount of the damages to all of the land, which under the verdict it was required to do. The state urges that the two interests, i. e., the "reversionary" interest of the Olsons, and the lessee's interest should have been found separately. As this was not done, the state claims there was no way of determining how much of the total damages was attributable to each separate interest, and therefore the Olsons failed to prove the damages to "their reversionary interest in the fee".

We cannot agree with the state's position. We held in State ex rel. Morrison v. Helm, 86 Ariz. 275, 345 P.2d 202 (1959) that the damages to the leasehold interest and to the fee could be ascertained in separate trials. Further in State ex rel. Willey v. Chun, 91 Ariz. 317, 372 P.2d 324 (1962) there was evidence that there was substantial damages to the fee there involved but no damages to the leasehold interest. This case may well belong in a similar category.

The case here was tried on the theory of damage to the fee, which was owned by the Olsons. To say that the damages were only to the "reversionary interest" in the fee, we think, begs the question. Regardless of any damages to a leasehold interest, the Olsons were the owners of the fee subject only to the lease. The entire case was tried upon the theory of damage to the fee. Appellees Olsons' instructions as to the measure of damages, the difference between the fair market value of the property immediately before and immediately after the taking, and the instruction on severance damages, were entirely proper. Neither one was objected to by the state. Nor did the state object to the form of verdict, which made provision for a finding of damages for the defendants Olson only.

The trial court did not err in denying the state's motions for judgment notwithstanding the verdict and for a new trial.

Judgment affirmed.

BERNSTEIN, C. J., and UDALL, V. C. J., concur.