401 P.2d 410

STATE of Arizona ex rel. William E. WILLEY, State Highway Engineer, Appellant,

v.

Louis MUSIL and Alice Musil, his wife, Appellees.

No. 8116.

Supreme Court of Arizona.

En Banc.

April 28, 1965.

Robert W. Pickrell, Atty. Gen., by J. Mercer Johnson, Sp. Asst. Atty. Gen., for appellant.

Dunseath, Stubbs & Burch, Tucson, for appellees.

BERNSTEIN, Justice.

This condemnation action was previously before this court, State, ex rel. Willey v. Chun, 91 Ariz. 317, 372 P.2d 324. The facts in regard to the property are fully stated in our previous opinion. Only the valuation of appellees' leasehold interest in the property is involved in these cases. In the first appeal the jury determined that the tenant's interest was $5,500. We reversed and sent the case back for a new trial.

At the second trial the jury found the value to be $5,250, and the State has again appealed. The appellee testified in the second trial that her total damages were $9,632.50. In arriving at this total figure appellee testified that a refrigerator enhanced the rental value of her property by $1,000, a meat counter by $500, shelving by $600, and light fixtures by $125, or a total of $2,225. The State assigns the admission of this testimony as error, and since consideration of this assignment disposed of the case, we need not consider the other six assignments.

■■ These fixtures were removed and retained by the appellee at the termination of the lease. In the previous appeal we said:

"The third assignment of error concerns the admission of testimony describing monetary damages to personal property of the tenant's trade fixtures which were removed and retained by him. A lessee is not entitled to recover the cost of the fixtures, nor the diminution in the value of the fixtures which are removed after the taking. Damages are measured by the increased market value of his leasehold by reason of the putting in of the trade fixtures. * * * a tenant is not entitled to recover for property not attached to the realty. Therefore any loss resulting from the removal of fixtures is not compensable and the *testimony as to the monetary depreciation of the fixtures in the amount of $1,313 which the tenant removed was improper.*" (Emphasis supplied.) 91 Ariz. at 321, 372 P.2d at 326.

This is the law of the case, Fernandez v. Garza, 93 Ariz. 318, 380 P.2d 778. If the depreciation in the fixtures caused by their removal cannot be added to the value of the leasehold, their total value cannot be added under any theory.

Reversed and remanded for a new trial on the issue of damages only.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and McFARLAND, JJ., concurring.