467 P.2d 945

Eugene **OLSON** and Thelma Olson, husband and wife, Appellants,

v.

**STATE** of Arizona and City of Tucson, a municipal corporation, Appellees.

No. 2 CA–CIV 763.

Court of Appeals of Arizona, Division 2.

April 17, 1970.

Rehearing Denied June 3, 1970.

Review Denied June 30, 1970.

Dunseath & Stubbs, by Robert C. Stubbs, Tuscon, for appellants.

Lewis C. Murphy, City Atty., City of Tucson, Miller, Pitt & Feldman, by Stanley G. Feldman, Tucson, Special Attys., for appellee City.

Gary K. Nelson, Atty. Gen., by Stanley Z. Goodfarb, Asst. Atty. Gen., Phoenix, for appellee State.

HOWARD, Chief Judge.

This appeal is taken from a judgment in favor of the State of Arizona and the City of Tucson in inverse eminent domain proceedings instituted by the appellants, owners of certain property located in the City of Tucson.[1]

The Olsons claimed their property had been damaged because there had been a "change in plans" in a highway construction project. This "change of plans" theory was predicated on the following facts. In 1961 the Olsons' property fronted on West Grant Road and the State of Arizona

---

1. Other parties intervened in the action below, but are not parties to this appeal.

commenced a condemnation action for the purpose of taking certain property rights. This taking included an underground easement and impairment of access rights resulting from a contemplated change of grade. At the condemnation trial, the construction plans were admitted in evidence, showing the grade change and resulting access control and the construction to be made. They also indicated that a median divider would be constructed on West Grant Road, extending in front of only the west sixty feet of the Olsons' frontage on Grant Road. The Olsons were awarded $12,000.00 for this "taking."

Subsequently in 1967, the City of Tucson (the State of Arizona acted as agent for the City because the highway was a federal-aid highway project) commenced and completed a project for improving and widening Grant Road. As a result of this project, the median divider previously adverted to was extended an additional 300 feet to the east. The Olson property had the same access to Grant Road after the completion of this project as after the completion of the first project. The effect of the extension of the median divider, however, was to transform Grant Road into a one-way street. In other words, west-bound traffic on Grant Road could not turn left into or out of the Olson Property, and traffic leaving the Olson Property could not turn left and proceed west on Grant Road.

The Olsons' claim for damages was predicated on the fact that the $12,000.00 jury verdict in the condemnation proceedings was based upon the construction of Grant Road pursuant to the plans which were admitted in evidence and that the subsequent failure to actually complete Grant Road in accordance with these plans caused damage to their property. It is their position that once the condemning authority had represented to the jury in the condemnation proceeding that it proposed to construct Grant Road in accordance with certain plans and specifications, and the jury acted thereon, the condemning authority was bound by its representation and any change in plans constituted a further taking for which they were entitled to just compensation.

In support of their position, they cite State ex rel. Herman v. Schaffer, 105 Ariz. 478, 467 P.2d 66. (Filed March 26, 1970); State ex rel. Herman v. Tucson Title Insurance Company, 101 Ariz. 415, 420 P.2d 286 (1966); State ex rel. Herman v. Wilson, 103 Ariz. 194, 438 P.2d 760 (1968); State v. McDonald, 88 Ariz. 1, 352 P.2d 343 (1960; Feuerborn v. State of Washington, 59 Wash.2d 142, 367 P.2d 143 (1961); People ex rel. Department of Public Works v. Schultz Co., 123 Cal.App.2d 925, 268 P.2d 117 (1954); Hassler v. Overton County, 203 Tenn. 288, 311 S.W.2d 206 (1958); Fleming v. Noble, 111 Ohio App. 289, 171 N.E.2d 739 (1959). We have no quarrel with the principles enunciated in these cited cases. They are, however, inapposite since the road was in fact completed in the exact manner set forth in the plans. Such was the finding made by the trial court and the appellants have not in any manner, shown the finding to be in error.

However, assuming arguendo that there had been a change in the original plans, the "change of plans" doctrine is inapplicable to the case at bench. It is well settled in this jurisdiction that the construction of a median divider is a valid exercise of the police power and is merely damnum absque injuria. Rayburn v. State, ex rel. Willey, 93 Ariz. 54, 378 P.2d 496 (1963); Rutledge v. State, 100 Ariz. 174, 412 P.2d 467 (1966); City of Phoenix v. Wade, 5 Ariz.App. 505, 428 P.2d 450 (1967). As this court stated in *Wade,* supra:

"In the proper exercise of its police power * * * a city, state or county may do to an abutting property owner many things which are noncompensable, such as constructing a traffic island, *placing permanent dividing strips which deprive an abutting owner of direct access to the opposite side of the highway,*

painting double lines on the highway, increasing or decreasing the flow of traffic on the street, and installing 'No Parking' signs." 5 Ariz.App. at 508, 428 P.2d at 453 (Emphasis added.)

■ A change of plans may give rise to a cause of action (1) where the circumstances are such that the change results in construction of some feature that would have caused some compensable damage not included in the original award, or (2) where the change results in elimination of some feature which, although itself non-compensable, was considered in mitigation of some compensable element of damage. Here, even if the original plans had indicated the construction of a median divider as it was ultimately constructed, the jury could not have been permitted to consider it as a compensable item. City of Phoenix v. Wade, supra.

■ The Olsons, however, contend that notwithstanding the original non-compensability, they are entitled to recover because the divider feature was used at the condemnation trial to offset compensable damages. It is true that recovery may be had in a subsequent action where the construction plans admitted into evidence in the condemnation suit provided mitigating features as against an item of compensable damage. Feuerborn v. State of Washington, supra. In State ex rel. Herman v. Schaffer, supra; State ex rel. Herman v. Tucson Title Insurance Company, supra, and State ex rel. Herman v. Wilson, supra, we find a like principle enunciated in situations where the property owner accepted as partial compensation for the "taking" a promise to have the road constructed in a particular manner. The condemning authority may contract away its right to exercise its police powers. A subsequent change of plans, therefore, becomes compensable as a breach of contract.

■ If we were to follow appellants' contention to its logical conclusion the police power in relation to streets and highways would be rendered nugatory. Once property is taken as the result of a widening if the condemning authority at a later date decided to build median strips or convert the street into a one-way street it could not do so, under appellants' theory, without subjecting itself to liability. This is an unacceptable result. The landowner has no right to have the street remain in its present condition in perpetuity. When his property has been taken in condemnation proceedings and he has been compensated he is presumed to have been made whole and theoretically is in the same condition as before the condemnation. He is then in no different position than any other landowner who holds his land subject to the police power of the State.

The trial court made an express finding that neither the design of nor the specification for the median divider, as shown in the plans admitted in evidence in the condemnation trial, were used either as a basis for the award of damages or as a feature mitigating or reducing any compensable element of damage. As a reviewing court, we are bound to accept the trial court's findings unless they are demonstrated to be clearly erroneous. Rule 52(a), Rules of Civil Procedure, 16 A.R.S.

The Olsons argue that since (1) the construction plans were admitted into evidence, (2) the jury was instructed to presume that the highway improvements would conform to the plans and they should not speculate as to whether the condemning authority might make subsequent changes or take additional parts of the property, and (3) there was specific reference made to these construction plans in the condemnation judgment, "it is inconceivable that the trial court could have found that these plans could not have been used in mitigation of damages." In essence, they contend that since the jury in the condemnation proceedings returned a verdict substantially less than the amount of severance damages testified to by their expert witnesses, it must have offset the location of the median divider against the damages awarded for change of grade and limitation of access.

■ The judgment in the condemnation proceedings was affirmed by the Arizona Supreme Court. State ex rel. Herman v. Olson, 95 Ariz. 149, 388 P.2d 151 (1963). The Olsons did not at that time see fit to challenge the sufficiency of the award and its affirmance on appeal precludes them from now attacking it. 5 Am.Jur.2d Appeal and Error § 934; 5B C.J.S. Appeal and Error § 1857.

Having concluded that the Olsons were not entitled to compensation for the extension of the median divider, we need not consider the additional questions directed to damages.

Judgment affirmed.

HATHAWAY, J., and LLOYD C. HELM, Superior Court Judge, concur.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge LLOYD C. HELM was called to sit in his stead and participate in the determination of this decision.