476 P.2d 899

**Norma Howell MUSIJ, Appellant,**

v.

**BLAYLOCK–SMITH MOBILE HOMES, Appellee.**

**No. 2 CA–CIV 878.**

Court of Appeals of Arizona, Division 2.

Dec. 1, 1970.

Rehearing Denied Dec. 29, 1970.

Review Denied Feb. 16, 1971.

Darrel G. Brown, Tucson, for appellant.

Thikoll & Johnston by Jim L. Johnston, Tucson, for appellee.

KRUCKER, Judge.

This appeal challenges the trial court's refusal to grant rescission of the plaintiff's purchase of a mobile home. The plaintiff's complaint alleged that the mobile home was not fit for the purpose for which it was intended and requested rescission and damages for inconvenience, humiliation and mental strain caused by the defendant's failure to remedy its defective condition.

The case was tried to the court which made findings of fact and conclusions of law. It found:

"1.  On or about August 5, 1968, plaintiff purchased a Kit Fairview Mobile Home from defendant.

\* \* \* \* \* \*

3.  Defendant agreed for no additional consideration to deliver and 'set up' the home on plaintiff's lot.

4.  The home was delivered, set up, and plaintiff moved in.

5.  The home as delivered was substantially free of any defects and was fit for the purpose for which it was purchased.

6.  As a part of the setting up, the home was blocked by defendant, using cement blocks and wood wedges.

7.  As is normal, this blocking settled some time after its initial set up, necessitating and requiring a 're-blocking'.

8.  The plaintiff's lot was sandy soil causing the settling to be even more noticeable and causing the home to be unstable.

9.  It rained shortly following the initial set up causing additional settling of the home and block.

10. Plaintiff notified defendant of the unstable condition and defendant undertook to correct this condition.

11. Through no fault of either party, the condition was not corrected by September 27, 1968, on which date plaintiff notified defendant in writing \* \* \* that she was rescinding the contract.

12. After September 27, 1968, plaintiff prohibited defendant from re-setting the home.

\* \* \* \* \* \*

14. Plaintiff continued to use the trailer as a home after September 27, 1968 and continuously up to the time it was replevined. \* \* \*"

The court concluded that the unstable condition of the home, requiring resetting or reblocking, was not a substantial or fundamental defect so as to defeat the object of the parties in the sale and purchase of the home and did not give plaintiff legal cause to rescind the contract.

The court did find, however, that the mobile home, as delivered, had a defect in the roof causing a leak when it rained which resulted in damage to a chair owned by the plaintiff. It also found that a bed in the home, as delivered, was defective, and that the defendant was responsible for the reasonable cost of resetting the home. Plaintiff was awarded a total of $181 ($75 for resetting, $98 for chair damage, and $8 for bed repair), plus costs.

Appellate courts accept a trial court's findings unless they are demonstrated to be clearly erroneous. Olson v. State, 12 Ariz.App. 105, 467 P.2d 945 (1970). The trial court found as a fact that the mobile home, when delivered, was substantially free of defects and was fit for the purpose for which it was purchased. It also found that the "unstable condition" of the mobile home was caused by settling, attributable to a combination of the sandy nature of the soil and rains; that the condition was corrected once by the mobile home seller, after being notified thereof, and any subsequent settling and concomitant instability was not corrected by the seller, through no fault on its part, prior to the date that appellant gave notice of rescission. There being sufficient evidentiary support for these findings, we accept them.

It has been held that trivial breaches of a contract for the sale of goods do not justify rescission. Rozmus v. Thompson's Lincoln-Mercury Co., 209 Pa.Super. 120, 224 A.2d 782 (1966) and cases cited therein. In the instant case, the "defects" in plaintiff's mobile home, upon which she based her claim for rescission, were not structural defects in the purchased item, but rather were conditions which developed as a consequence of the instability of the soil upon which it was set up. The trial court properly found that the mobile home, as delivered, was fit for the purpose for which it was purchased and concluded that the instability was not a substantial defect so as to warrant rescission.

Plaintiff also complains of the fact that, notwithstanding the trial court found as a fact that her other claimed damages for inconvenience, upset, nervous condition and distress resulted from the settling of the mobile home, it erred in not awarding damages for these injuries "which were the proximate result of the defendant's negligence." In a manner typical of the entire brief filed in this court, no authority has been cited in support of plaintiff's position. Suffice it to say that the finding in itself refutes plaintiff's argument as the trial court found that her upset and distress resulted from the settling of the mobile home, a condition for which the seller was not responsible.

Although this court had some grave doubts as to the adequacy of plaintiff's brief in its presentation of the legal issues and its lack of authority, we addressed ourselves to a consideration on the merits. Keplinger v. Boyett, 6 Ariz.App. 514, 433 P.2d 1006 (1967). We find no error in the judgment of the trial court.

Affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.